MARK S. POSARD (SBN 208790)
mposard@grsm.com
ALEXANDRA M. LOUDERBACK (SBN 312692)
alouderback@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825
Telephone: (916) 565-2900
Facsimile: (916) 920-4402

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik,<br><br>                     Plaintiff,<br><br>   vs.<br><br>Joie de Vivre Hospitality LLC dba the Laurel Inn,<br><br>                     Defendant. | CASE NO. 3:18-cv-06587-JSC<br><br>**DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: October 29, 2018<br>Trial: Not Set |

      Defendant JOIE DE VIVRE HOSPITALITY LLC ("Defendant") answers Plaintiff PETER STROJNIK's ("Plaintiff") Complaint for Damages and Injunctive Relief (the "Complaint") as follows:

      1.     Defendant denies each and every allegation contained in the Complaint and each and every claim for relief thereof, which Defendant does not expressly admit or otherwise plead. Responding to Paragraph 1, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis to which no response is required. Further responding to Paragraph 1, Defendant admits Plaintiff has brought this action pursuant to the Complaint. Defendant denies the remaining allegations in Paragraph 1.

**PARTIES**

      2.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 2, and therefore denies them. Defendant further

-1-
DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
Case No. 3:18-cv-06587-JSC

1 denies the remaining allegations in paragraph 2, which contain legal conclusions and analysis to which no response is required.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 3, and therefore denies them. Defendant denies any and all factual allegations in Paragraph 3 related to its alleged actions and/or omissions.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 4, and therefore denies them. Defendant denies any and all factual allegations in Paragraph 4 related to its alleged actions and/or omissions.

5. Defendant denies that it owns and/or operates, or is otherwise affiliated in any way with the Hotel located at 221 Cypress Avenue, Moss Beach, CA. In further response to Paragraph 5, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis to which no response is required. Defendant denies the remaining allegations in Paragraph 5.

**JURISDICTION & VENUE**

6. Defendant admits that this Court has original jurisdiction over this case.

7. In response to Paragraph 7, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis to which no response is required. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 7, and therefore denies them.

8. Defendant admits that this Court has subject matter jurisdiction over this action.

9. In response to Paragraph 9, Defendant admits that venue is proper in this Court.

10. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the first sentence of Paragraph 10, and therefore denies them. In further response to paragraph 10, Defendant affirmatively alleges the second sentence of Paragraph 10 contains legal conclusions and analysis to which no response is required.

11. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in

the first sentence of Paragraph 11, and therefore denies them. In further response to Paragraph 11, Defendant affirmatively alleges the second sentence contains legal conclusions and analysis to which no response is required.

12. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the first sentence of Paragraph 12, and therefore denies them. In further response to Paragraph 12, Defendant affirmatively alleges the second sentence contains legal conclusions and analysis to which no response is required.

## COUNT ONE: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. section 12101, et seq.)

13. Defendant incorporates by reference the admissions and denials to Paragraphs 1 through 12. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 14, and therefore denies them.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 15, and therefore denies them.

16. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 16, and therefore denies them.

17. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 17, and therefore denies them.

18. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 18, and therefore denies them.

19. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 19, and therefore denies them.

**Gordon Rees Scully Mansukhani, LLP**
**3 Parkcenter Drive, Suite 200**
**Sacramento, CA 95825**

20. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 20, and therefore denies them.

21. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 21, and therefore denies them.

22. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 22, and therefore denies them.

23. Defendant denies that it violated the Americans with Disabilities Act and is liable for damages. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 23, and therefore denies them.

24. Defendant denies that it violated the Americans with Disabilities Act and is liable for damages. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 24, and therefore denies them.

25. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 25, and therefore denies them.

26. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 26, and therefore denies them.

27. Defendant denies that it violated the Americans with Disabilities Act and is liable for damages. Defendant affirmatively alleges Plaintiff has not stated a claim under Count One and is not entitled to the relief he seeks in Paragraph 27, including subparagraphs (A) through (G).

*///*

## COUNT TWO: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
## (Cal. Civ. Code § 51-53.)

28. Defendant incorporates by reference their admissions and denials to Paragraphs 1 through 27. Defendant denies the remaining allegations in paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 29, and therefore denies them.

30. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 30, and therefore denies them.

31. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 31, and therefore denies them.

32. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 32, and therefore denies them.

33. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 33, and therefore denies them.

34. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 34, and therefore denies them.

35. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 35, and therefore denies them.

36. Defendant denies that it violated the Unruh Civil Rights Act and is liable for damages. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 36, and therefore denies them.

37. There are no material allegations in Paragraph 37.

38. Defendant denies that it violated the Unruh Civil Rights Act and is liable for damages. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 38, and therefore denies them.

39. Defendant denies that it violated the Unruh Civil Rights Act and is liable for damages. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 39, and therefore denies them.

40. Defendant denies that it violated the Unruh Civil Rights Act and is liable for damages. Defendant affirmatively alleges Plaintiff has not stated a claim under Count Two and is not entitled to the relief he seeks in Paragraph 40, including subparagraphs (a) through (g).

## COUNT THREE (erroneously listed as Count Two): VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
## (Cal. Civ. Code § 54-54.3.)

41. Defendant incorporates by reference their admissions and denials to Paragraphs 1 through 40. Defendant denies the remaining allegations in Paragraph 41.

42. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 42, and therefore denies them.

43. There are no material allegations in Paragraph 43.

44. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 44, and therefore denies them.

45. Defendant denies that it violated the California Disabled Persons Act and is liable for damages. Defendant affirmatively alleges Plaintiff has not stated a claim under Count Three (erroneously listed as Count Two) and is not entitled to any relief.

46. Defendant denies that it violated the California Disabled Persons Act and is liable

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

for damages. Defendant affirmatively alleges Plaintiff has not stated a claim under Count Three (erroneously listed as Count Two) and is not entitled to the relief he seeks in Paragraph 46, including subparagraphs (a) through (g).

## COUNT FOUR: NEGLIGENCE

47. Defendant incorporates by reference their admissions and denials to Paragraphs 1 through 46. Defendant denies the remaining allegations in Paragraph 47.

48. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 48, and therefore denies them.

49. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 49, and therefore denies them.

50. The allegations in Paragraph 50 and the footnote thereto are not susceptible to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis under 42 U.S.C. § 12101(a)(2). Defendant denies the remaining allegations in Paragraph 50.

51. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 51, and therefore denies them.

52. The allegations in Paragraph 52 and the footnote thereto are not susceptible to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis under 42 U.S.C. § 12101(a)(3). Defendant denies the remaining allegations in Paragraph 52.

53. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 53, and therefore denies them.

54. The allegations in Paragraph 54 and the footnote thereto are not susceptible to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis under 42 U.S.C. § 12101(a)(5). Defendant denies the remaining allegations in Paragraph 54.

55. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks

1 knowledge or information sufficient to form a belief about the truth or falsity of the allegations in
2 Paragraph 55, and therefore denies them.

    56.    The allegations in paragraph 56 and the footnote thereto are not susceptible to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis under 42 U.S.C. § 12101(a)(6). Defendant denies the remaining allegations in Paragraph 56.

    57.    Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 57, and therefore denies them.

    58.    The allegations in paragraph 58 and the footnote thereto are not susceptible to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis under 42 U.S.C. § 12101(a)(7). Defendant denies the remaining allegations in Paragraph 58.

    59.    Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 59, and therefore denies them.

    60.    The allegations in paragraph 60 and the footnote thereto are not susceptible to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis under 42 U.S.C. § 12101(a)(8). Defendant denies the remaining allegations in Paragraph 60.

    61.    Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 61, and therefore denies them.

    62.    Defendant denies that it was negligent and liable for damages. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 62, and therefore denies them.

    63.    Defendant denies that it was negligent and liable for damages. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 63, and therefore denies them.

64. Defendant denies that it was negligent and liable for damages. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 64, and therefore denies them.

65. Defendant denies that it was negligent and liable for damages. Defendant has no knowledge of the Hotel defined in Paragraph 5. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 65, and therefore denies them.

66. Defendant denies that it was negligent and liable for damages. Defendant affirmatively alleges Plaintiff has not stated a claim under Count Four and is not entitled to the relief he seeks in Paragraph 66, including subparagraphs (A) through (D).

## AFFIRMATIVE DEFENSES

Defendant alleges the following as further and separate affirmative defenses to Plaintiff's Complaint, without assuming any burden of proof that would otherwise rest on the Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to mitigate his damages and is barred from recovering such damages.

## SECOND AFFIRMATIVE DEFENSE

Defendant alleges that it reasonably accommodated Plaintiff to the extent required by applicable laws and regulations.

## THIRD AFFIRMATIVE DEFENSE

Defendant alleges that the accommodations Plaintiff alleges he sought were not reasonable accommodations because, for example, they would have constituted fundamental alterations in the nature of the facility operated by Defendant and/or services provided by Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that the complaint and each of its purported causes of action are barred by the applicable statutes of limitation.

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

Gordon Rees Scully Mansukhani, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the complaint and each of its purported causes of action fail to states facts sufficient to constitute a cause of action.

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that its conduct with respect to Plaintiff was at all times reasonable, in complete good faith, based upon a good cause, and motivated solely by legitimate considerations.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant, Defendant has met all statutory obligations owed to Plaintiff, or any other person with disabilities, if any, and therefore Plaintiff's claims are barred.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the removal of any alleged access barrier is not technically feasible and no alternative methods of access could be provided without fundamentally altering the nature of the goods, services, and facilities being provided.

## NINTH AFFIRMATIVE DEFENSE

Pursuant to law and contract, Defendant is not responsible for any access violation.

## PRAYER FOR RELIEF

1. That Plaintiff take nothing by way of the Complaint;
2. That judgment be entered in favor of Defendant;
3. For costs of suit incurred in defense of this action;
4. For recovery of attorneys' fees expended in the defense of this action; and
5. For such other and further relief as the Court deems just and proper.

Dated: December 17, 2018  GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Alexandra M. Louderback*
Mark S. Posard
Alexandra M. Louderback
Attorneys for Defendants